UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24724-CIV-GRAHAM/MCALILEY

ERIC PEREZ,

    Plaintiff,

v.

THE RIDE EXPERIENCE, LLC d/b/a
THE ADVANTAGED, a Florida
limited liability Corporation,
et al.,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in

order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over the number of hours, if any, for which the plaintiff was not properly compensated and a factual and legal dispute over whether the plaintiff was an exempt employee.  The terms of the settlement were announced on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice on or after **Friday, June 25, 2021** and that the Court **retain jurisdiction until Monday, June 27, 2022** to enforce the terms of the settlement.[1]

**DONE AND ORDERED**, in Chambers, at Miami, Florida this **26th** day of May, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] At the fairness hearing, the parties consented to magistrate judge jurisdiction for all further proceedings, including any enforcement motions.